**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**WHITNEY LANE HOLDINGS, LLC,**

                          **Plaintiff,**               **1:08-cv-775**
                                                       **(GLS/RFT)**

                    **v.**

**DON REALTY, LLC,** et al.,

                          **Defendants.**
_____
**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
NO APPEARANCE

**FOR THE DEFENDANTS:**
_Don Realty, LLC, Donovan and_
_Arrianna Littlefield (a/k/a Adrianna_
_Littlefield) by their guardian Matthew_
_J. Sgambettera, DDA & A Realty,_
_LLC, and DLL Family Partnership_
Office of Matthew J. Sgambettera          MATTHEW J. SGAMBETTERA,
323 Ushers Road                           ESQ.
P.O. Box 1550
Clifton Park, NY 12065

_OSJ of Clifton Park, LLC_
Hiscock, Barclay Law Firm                 J. ERIC CHARLTON, ESQ.
One Park Place
300 South State Street
Syracuse, NY 13202-2078

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

The present action stems from a fraudulent conveyance claim brought in New York state court by pro se plaintiff Whitney Lane Holdings, LLC against defendants Don Realty, LLC, Donovan and Arrianna Littlefield by their guardian Matthew J. Sgambettera, DDA & A Realty, LLC, and DLL Family Partnership (collectively Don Realty defendants). During the action's pendency in state court, Whitney Lane filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. In reliance on this bankruptcy filing, OSJ of Clifton Park, LLC unilaterally removed the state fraud action to this court under 28 U.S.C. § 1452, and subsequently moved to transfer venue to the Eastern District of New York. (*See* Dkt. Nos. 1, 8.) In a Report-Recommendation and Order (R&R) filed on October 27, 2009, Magistrate Judge Randolph F. Treece recommended that the court abstain from hearing the present matter and remand it to state court, and accordingly deny OSJ's motion to change venue as moot. (Dkt. No. 16.)[1]

_____

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

Judge Treece additionally ordered the parties to brief the issues of permissive abstention and equitable remand.  Pending are Don Realty and OSJ's briefs, which the court will treat as objections where appropriate. (Dkt. Nos. 18, 24, 25.)  For the reasons that follow, the R&R is adopted in part and rejected in part, the action is remanded to the New York State Supreme Court, Saratoga County, and OSJ's motion to transfer is denied as moot.

## II.  <u>Standard of Review</u>

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

## III.  **Discussion**[2]

## A.    **Removal Jurisdiction**

Absent a party's challenge to jurisdiction, and "since a challenge to subject matter jurisdiction cannot be waived," a district court has a duty to raise the issue of subject matter jurisdiction on its own at any time. *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (citation omitted); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Thus, where an action is removed to federal court, the district court is obligated to evaluate the jurisdictional appropriateness of removal. *See City of Gainesville v. Brown-Crummer Inv. Co.*, 277 U.S. 54, 59 (1928) ("Jurisdiction [for removal] should affirmatively appear, and the question may be raised at any time." (citations omitted)); *see also Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) ("The parties have not raised the issue of removal jurisdiction ... but it is our obligation to do so sua sponte." (italics omitted)); *Laselva v. Schmidt*, No. 8:08-CV-112, 2009 WL 1312559, at *2 (N.D.N.Y. May 7, 2009) ("[A] court has a duty to determine

_____

[2]The court incorporates the factual recitations contained in Judge Treece's R&R.  (*See generally* R&R, Dkt. No. 16.)

4

whether removal is jurisdictionally proper, regardless of whether the parties raise the issue." (citing, inter alia, 28 U.S.C. § 1447(c))).

In general, a court may not exercise jurisdiction over a party named as a defendant in the complaint unless that party is served with process or waives service.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."  *Id.* (citations omitted); *see also Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the person of the party served.").

"For the purpose of removal, the federal law determines who is plaintiff and who is defendant.  It is a question of the construction of the federal statute of removal, and not the state statute."  *Chi., R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954); *see also Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 862 (2d Cir. 1988).  Where a removal statute speaks only of removal by a "party" or a "defendant," a non-party who claims to be a real party in interest has no authority to remove a case from

5

state court.  *See Am. Home. Assurance Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp.2d 296, 298-99 (S.D.N.Y. 1999); *see also Newman & Cahn, LLP v. Sharp*, 388 F. Supp.2d 115, 117 (E.D.N.Y. 2005) ("A non-party has no authority to seek removal under the removal statutes.") (collecting cases); *Hous. Auth. of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973) (holding that an entity who has not been properly served in state court is not a party and removal jurisdiction cannot be based on its presence in the action).

Under 28 U.S.C. § 1452, which governs removal of claims "related to" bankruptcy cases, "[a] *party* may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]."  28 U.S.C. § 1452(a) (emphasis added). Although § 1452 does not require unanimous consent of all defendants as is required under the general removal statute, 28 U.S.C. § 1441, it clearly requires that removal be initiated by a "party" to the action.  *See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 134 (2d Cir. 2007); *see also In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 330

6

(S.D.N.Y. 2003).[3]

"The weight of authority instructs that a district court is without subject matter jurisdiction in a case where that court's removal jurisdiction is invoked by a non-party."  *Juliano v. Citigroup*, 626 F. Supp.2d 317, 319 (E.D.N.Y. 2009) (collecting cases); *see also JRA Holding, Inc. v. McCleary*, 100 F.3d 944, at *1 (2d Cir. 1996) (unpublished).  And while an objection premised on a procedurally improper removal may be waived, a challenge to removal for lack of subject matter jurisdiction is not waivable.  *See Orange County Water. Dist. v. Unocal Corp.*, 584 F.3d 43, 50 (2d Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal ...." (emphasis added)); *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995) ("[A]n irregularity in removal of a case to federal court is to be considered 'jurisdictional' ... if the case could not initially been filed

---

[3]As to cases operating under 28 U.S.C. § 1441, where removal was allowed despite the defendant's failure to obtain consent from an unserved defendant, *see, e.g.*, *Browne Bros. Cypen Corp. v. Carner Bank of Miami Beach, Fla.*, 287 F. Supp. 700, 702 (S.D.N.Y. 1968), or where the removing defendant obtained affidavits of consent from unserved defendants, *see, e.g.*, *Beekman Paper Co., Inc. v. Crane & Co., Inc.*, No. 91 Civ. 0031, 1991 WL 19820, at *1 (S.D.N.Y. Feb. 13, 1991), the court is satisfied with Judge Treece's comprehensive analysis of such case law and agrees with his conclusion that it is inapposite.  (*See* R&R at 10-11 n.13, Dkt. No. 16.)

in federal court."). Accordingly, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, based on the evidence outlined in the R&R, (*see* R&R at 7-17, Dkt. No. 16), and because OSJ does not object to Judge Treece's findings regarding its status as a party, (*see* Dkt. No. 17), the court has reviewed these findings and the consequent recommendations for clear error and finds none. In light of the overwhelming evidence demonstrating that OSJ was not an official party to the state action, removal under 28 U.S.C. § 1452 was improvident and jurisdictionally defective. Therefore, the court lacks subject matter jurisdiction over the state court fraud action and is obligated to remand the matter to the New York State Supreme Court of Saratoga County. *See* 28 U.S.C. § 1447(c); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." (internal quotation marks and citation omitted)).

While confident in the correctness of the above analysis regarding

the effect OSJ's non-party status has on removal jurisdiction,[4] the court will nonetheless address whether remand is appropriate on other grounds.

## B.   **Abstention and Remand**

As a threshold matter, 28 U.S.C. § 1334(b) grants jurisdiction to district courts over civil proceedings on the basis of an ongoing bankruptcy case in three limited situations.  Specifically, a district court may exercise jurisdiction over any civil action "*arising under* title 11, or *arising in* or *related to* cases under title 11."  28 U.S.C. § 1334(b) (emphasis added). While "arising under" jurisdiction implicates claims that are "predicated on a right created by a provision of title 11," and "arising in" jurisdiction extends to claims that "would have no existence outside of the bankruptcy," *see World Travel Vacation Brokers, Inc. v. Bowery Sav. Bank* (*In re Chargit Inc.*), 81 B.R. 243, 247 (Bankr. S.D.N.Y. 1987) (internal quotation marks and citations omitted), "related to" jurisdiction has been broadly interpreted

---

[4]Additionally, as part of the underlying real estate transaction that gave rise to the present action, Whitney Lane executed a Promissory Note that Don Realty defendants allege contained a forum selection clause stipulating that "[Whitney Lane] irrevocably consents to the exclusive jurisdiction of the Saratoga County Supreme Court ... [and] waives any objection to venue and any objection based on a more convenient form [sic] in any action instituted under this Note." (Sgambettera Decl. ¶ 15(b), Dkt. No. 12:1 (emphasis omitted).)  However, due to Don Realty defendants' failure to provide the actual Note or an unaltered copy to the court, the court is unable to evaluate the Note's applicability to the issue of this court's jurisdiction. Nevertheless, because remand is appropriate for several other reasons, the court need not assess the Note's impact on this litigation.  Accordingly, the court declines to hold a hearing on this issue as recommended in the R&R.  (*See* R&R at 18-19, Dkt. No. 16.)

9

to encompass any claim whose "outcome might have any 'conceivable effect' on the bankrupt estate," *see Publicker Indus. Inc. v. United States* (*In re Cuyahoga Equip. Corp.*), 980 F.2d 110, 114 (2d Cir. 1992).

Here, OSJ asserts "related to" jurisdiction as the sole basis for removal.  (*See* Notice of Removal ¶¶ 3, 5-6, Dkt. No. 1.)  Likewise, after engaging in an exhaustive and authoritative analysis of bankruptcy jurisdiction, Judge Treece concluded that "if subject matter jurisdiction exists, it can only be for 'related to' jurisdiction ... since the outcome of this action could have a significant connection or conceivable effect on the potential assets of Whitney[ Lane's] bankruptcy estate."  (*See* R&R at 24-25, Dkt. No. 16.)  Accordingly, in light of the parties' failure to object to these findings, the court will proceed under the premise that jurisdiction exists over Whitney Lane's state fraud claim pursuant to § 1334(b)'s "related to" jurisdiction.

In keeping with the distinctions between "arising under" or "arising in" cases and "related to" cases, the statutory framework "distinguishe[s] between 'core' bankruptcy matters, which do not exist independently of the Bankruptcy Code, and 'non-core' matters, which do have independent existence under state law."  *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd.*

*P'ship*, No. 04 Civ. 708, 2004 WL 1048239, at \*2 (S.D.N.Y. May 7, 2004) (citations omitted).  In essence, core proceedings, which are listed in 28 U.S.C. § 157(b)(2), are "identical to the claims defined as 'arising in' and 'arising under' proceedings in 28 U.S.C. § 1334."  *Silverman v. Gen. Ry. Signal Co.* (*In re Leco Enters., Inc.*), 144 B.R. 244, 249 (S.D.N.Y. 1992) (citation omitted).  Thus, "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."  *Wood v. Wood* (*In re Wood*), 825 F.2d 90, 97 (5th Cir. 1987); *cf. Ben Cooper, Inc. v. Ins. Co. of State of Pa* (*In re Ben Cooper, Inc.*), 896 F.2d 1394, 1400 (2d Cir. 1990) (expanding domain of core proceedings beyond *Wood*), *vacated*, 498 U.S. 964 (1990), *reinstated*, 924 F.2d 36 (2d Cir. 1991), *cert. denied*, 500 U.S. 928 (1991).  On the other hand, "a proceeding is non-core if it exists independently under state law and is merely 'related to' the bankruptcy case because of a conceivable effect upon the debtor's estate."  *Kerusa*, 2004 WL 1048239, at \*2 (citation omitted); *see also Gulf States Exploration Co. v. Manville Forest Prods. Corp.* (*In re Manville Forest Products Corp.*), 896 F.2d 1384, 1389 (2d Cir. 1990).  Ultimately, "[t]he difference between core and non-core proceedings defines the authority of

11

the bankruptcy court." *Covanta Onondaga Ltd. v. Onondaga County Res. Recovery Agency*, 281 B.R. 809, 814 (N.D.N.Y. 2002) (citation omitted). For present purposes, though, this difference also defines the parameters within which this court may abstain from exercising its authority over the state fraud action.

## 1.    Mandatory Abstention

The doctrine of mandatory abstention requires a court to abstain from determining non-core matters where certain criteria are satisfied.  *See* 28 U.S.C. § 1334(c)(2); *see also In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) (citation omitted).  First and foremost, a party must timely move for abstention.  *See* 28 U.S.C. § 1334(c)(2).  In other words, mandatory abstention may not be raised by the court sua sponte at any time.  *See, e.g.*, *In re Craft Architectural Metals Corp.*, 115 B.R. 423, 424 (E.D.N.Y. 1989) (declining to employ mandatory abstention where "neither party requested it").  Here, because none of the parties has moved for abstention, the court concludes, in concert with Judge Treece, that mandatory abstention under § 1334(c)(2) is inapplicable.

## 2.    Permissive Abstention

Where grounds for mandatory abstention do not exist, a district court

may nonetheless discretionarily abstain from hearing any matter that derives jurisdiction from 28 U.S.C. § 1334. *See S.G. Phillips Constructors, Inc. v. City of Burlington* (*In re S.G. Phillips Constructors, Inc.*), 45 F.3d 702, 708 (2d Cir. 1995). Under the doctrine of permissive abstention, a district court may "abstain[] from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11[,]" where doing so would be "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). And unlike mandatory abstention, the court may raise the issue of permissive abstention on its own and is not constrained by any timeliness requirements. *See Couri v. Fisher* (*In re JCC Capital Corp.*), 147 B.R. 349, 354 n.1 (Bankr. S.D.N.Y. 1992) ("The timely motion requirement is not present in 28 U.S.C. § 1334(c)(1) ....").

In determining whether to abstain under § 1334(c)(1), courts may consider the following factors:

> (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) the existence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the

13

> substance rather than form of the asserted "core" proceeding;
> (8) the feasibility of severing state law claims or bankruptcy
> matters to allow judgment to be entered in state court with
> enforcement left to the bankruptcy court; (9) the burden on the
> bankruptcy judge's docket; (10) the likelihood that the
> commencement of the proceeding in the bankruptcy court
> involves forum shopping by one of the parties; (11) the
> existence of a right to a jury trial; and (12) the presence in the
> proceedings of nondebtor parties.

*Marine Midland Bank v. Zurich Ins. Co.* (*In re Olympia & York Maiden Lane Co. LLC*), No. 98 B 46167, 1999 WL 58581, at *7 (Bankr. S.D.N.Y. Jan. 25, 1999) (citations omitted); *see, e.g.*, *Deep v. Boies*, No. 1:05-CV-1187, 2007 WL 169940, at *3 (N.D.N.Y. Jan. 17, 2007); *Gassman v. Gassman, Griper & Golodny*, No. 097 Civ. 0093, 1997 WL 603439, at *3 (S.D.N.Y. 1997). Ultimately, while the court need not consider every factor, *see In re Cody, Inc.*, 281 B.R. 182, 190 (S.D.N.Y. 2002), the decision to abstain "must be informed by legitimate considerations," *Coker v. Pan Am. World Airways, Inc.* (*In re Pan Am. Corp.*), 950 F.2d 839, 848 (2d Cir. 1991).

Since both Don Realty defendants and OSJ have briefed the issues of permissive abstention and equitable remand—as instructed by Judge Treece—the court will review these issues de novo.

14

Overall, the factors that are relevant here militate in favor of remand.[5]
Based on the first and fourth factors, the court is confident that remand
would maximize efficiency.  In addition to the fact that the state action has
been pending for three years—during which time the state court has ruled
on a series of dispositive issues, has overseen discovery, and has
appointed a referee—the state court is also handling the corresponding
foreclosure and malpractice actions.  Moreover, the only link between this
action and the Eastern District is Whitney Lane.  The subject property,
underlying negotiations, documentary evidence, potential witnesses, and
defendants are all located in Saratoga County or the surrounding region.
Also, aside from OSJ, none of the defendants in this action are creditors or
debtors in the bankruptcy case.  And whether Whitney Lane's choice of
Saratoga County Supreme Court as the forum was based on its preference
or its obligation under the Note's forum selection clause, such a choice is
entitled to considerable weight.  *See Toy Biz, Inc. v. Centuri Corp.*, 990 F.

---

[5]Despite Don Realty defendants' contention that OSJ may be engaging in forum
shopping, (*see* Defs. Mem. of Law at 7, Dkt. No. 24), the court believes that the tenth factor is
not material to the present analysis.  And while the eleventh factor is not entirely neutral, (*see*
OSJ Mem. of Law at 2 n.1, Dkt. No. 18), Don Realty defendants' assertion that it has a right to
demand a jury trial is of limited application as it is unclear whether Don Realty defendants may
make such a demand and whether the state fraud claim could constitute a core proceeding
under 28 U.S.C. § 157(b)(2).  *See Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*,
130 B.R. 405, 408-09 & n.2 (S.D.N.Y. 1991).

Supp. 328, 330 (S.D.N.Y. 1998); *see also In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002).

Insofar as the sixth factor is concerned, the state fraud claim, which arose before the bankruptcy petition was filed, is minimally related to the bankruptcy case.  As highlighted in the R&R, Whitney Lane acknowledges in its reorganization plan that it is indebted to OSJ as the holder of the Note and Mortgage, and, consistent with this acknowledgment, outlines alternate payment schedules depending on the outcome of the fraud litigation.  (*See* Charlton Decl., Ex. D, Plan of Reorganization § 4.1(b), Dkt. No. 8:6; *see also* R&R at 31, Dkt. No. 16.)  Contrary to OSJ's assertions, the chances that the fraud action will affect the bankruptcy case are remote.[6] Furthermore, while the claims asserted appear to be straightforward and raise questions of law that are neither unsettled nor unusually difficult, there is no question that state law issues dominate, to the exclusion of any

---

[6]In support of this finding, the court refers the parties to Bankruptcy Judge Robert E. Littlefield's findings in *In re Tougher Indus., Inc.*, No. 07-90017, 2009 WL 2872842 (Bankr. N.D.N.Y. Feb. 17, 2009).  Under somewhat similar circumstances, Judge Littlefield reasoned that the adjudication of a breach of contract claim in state court would have no effect on the effective administration of the bankruptcy estate because "any finding for [the debtor] will simply increase the pool of funds the estate may use to pay creditors' claims."  *Tougher Indus.*, 2009 WL 2872842, at *5.  Thus, the court posited, "while disposition of this matter may have a significant impact on the amount of money available for the creditors, its affect on the proceedings in the main bankruptcy case will be remote."  *Id.*; *see also Drexel*, 130 B.R. at 408 ("Because every claim of a debtor ... is an asset of the estate ... is not sufficient to warrant the retention of federal jurisdiction over these claims." (citation omitted)).

issues implicating federal or bankruptcy law.[7]  In other words, this is purely

a state law action involving matters that the state court is well familiar with.

As to the fifth factor, the court is unable to find any basis upon which

this action could have been brought in federal court absent bankruptcy

jurisdiction under § 1334.  In fact, OSJ concedes that jurisdiction would not

exist otherwise and that "there would appear to be no impediment to State

adjudication of [Whitney Lane]'s claims, with enforcement left to the

[b]ankruptcy [c]ourt."  (OSJ Mem. of Law at 2 n.2, Dkt. No. 18.)

Lastly, on the question of whether and to what extent the bankruptcy

court's docket would be burdened by this action, the court is disinclined to

make any presumptions as to the condition of Bankruptcy Judge Dorothy

Eisenberg's docket.  The parties have provided an array of data regarding

the number of filings made and cases pending nationally and locally in the

Northern and Eastern Districts of New York.  (*Compare* OSJ Mem. of Law

───────────────────

[7]In suggesting that the state fraud action is "inextricably intertwined" with the
bankruptcy proceedings, OSJ relies on *CCM Pathfinder Pompano Bay, LLC v. Compass Fin.
Partners LLC*, 396 B.R. 602 (S.D.N.Y. 2008).  However, this reliance is misplaced, particularly
because in *CCM Pathfinder Pompano Bay* (1) there was an already ongoing federal court
action involving the same parties and dealing with similar questions of law, and (2) resolution
of the state action centered on the bankruptcy proceedings and the interpretation of the asset
purchase agreement, the sale and confirmation order, and the chapter 11 plan, all of which set
forth the rights and obligations of the parties.  *See CCM Pathfinder Pompano Bay*, 396 B.R. at
606-08; *see also Baker v. Simpson*, 413 B.R. 38, 45-46 (E.D.N.Y. 2009) (affirming bankruptcy
court's denial of remand where state law claims were largely "intertwined" with the bankruptcy
proceedings as they implicated the bankruptcy court's approval, authorization, and supervision
of the actions at issue).

at 7 & n.3, Dkt. No. 18 (arguing that the data and trends weigh against

remand), *with* Defs. Mem. of Law at 6, Dkt. No. 24 (arguing that the data

and trends favor remand).)  However, the court is unwilling to rely on

blanket, one-dimensional statistics as an indicator of how crowded an

individual judge's docket actually is.  Instead, the court merely opines that

"retention of federal jurisdiction could detract from the efficient

administration of the estate and impose an unnecessary burden on the

[b]ankruptcy [c]ourt by requiring [it] to expend time and resources on the

state law action that could otherwise be spent administering to the estate."

*Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407

(S.D.N.Y. 1991) (citations omitted).

Therefore, having evaluated the relevant factors and finding that they

weigh heavily in favor of abstention, the court concludes that remand is the

more sensible and expedient course.

### 3.    Equitable Remand

The doctrine of equitable remand is rooted in 28 U.S.C. § 1452,

which provides that "[t]he court to which such a claim or cause of action is

removed may remand such claim or cause of action on any equitable

ground."  28 U.S.C. § 1452(b).  The analysis for equitable remand "is

essentially the same as the [s]ection 1334(c)(1) abstention analysis." *In re*

*WorldCom*, 293 B.R. at 334.  To determine whether equitable remand is

appropriate, courts may consider the following factors:

> (1) the effect on the efficient administration of the bankruptcy
> estate; (2) the extent to which issues of state law predominate;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) comity; (5) the degree of relatedness or remoteness of the
> proceeding to the main bankruptcy case; (6) the existence of
> the right to a jury trial; and (7) prejudice to the involuntarily
> removed defendants.

*Drexel*, 130 B.R. at 407 (citations omitted); *see also Browning v. Navarro*,

743 F.2d 1069, 1076 n.21 (5th Cir. 1984).  In addition, where the

proceeding at issue is non-core and "do[es] not implicate the essence of

federal bankruptcy power, district courts consider such classification of a

claim in deciding whether to grant equitable remand."  *Shiboleth v.*

*Yerushalmi*, 412 B.R. 113, 117 (S.D.N.Y. 2009) (citation omitted); *see also*

*Drexel*, 130 B.R. at 409 ("Congress has made it plain that, in respect to

non[-]core proceedings ... the federal courts should not rush to usurp the

traditional precincts of the state court." (internal quotation marks and

citation omitted)).

The two factors that the court has not yet addressed are comity and

prejudice.  While the state law claims raised in Whitney Lane's complaint

do not involve novel or "arcane or idiosyncratic provisions of state law that would warrant abstention based on comity concerns," *In re Refco, Inc. Sec. Litig.*, 628 F. Supp.2d 432, 446 (S.D.N.Y. 2008) (internal quotation marks and citations omitted), it is equally clear that judicial economy and efficiency would be promoted by remand since the state court has already invested a significant amount of time, attention, and resources into the case. Furthermore, the narrow, tangential relationship between the state and bankruptcy actions counsels against this court's exercise of jurisdiction—especially when considered with the predominance of state law and the lack of diversity among the parties.

Finally, as to prejudice, the court makes several observations. First, removal here was made by a non-party or, at best, a lone defendant without the consent of any of the other parties. Second, the action being removed is limited to issues of state law. Third, removal is based on a minimally related bankruptcy proceeding to which none of the defendants is a party. Fourth, the parties to the state action have already extensively engaged in discovery, motion practice, and other pretrial activities. Fifth, everything related to the state litigation, except Whitney Lane, is located in the Saratoga County area. And sixth, regardless of its link to the Eastern

District of New York, Whitney Lane chose Saratoga County as the forum. Whereas any one of these individual facts could indicate potential prejudice, when considered in their totality, these facts demonstrate that failure to remand this matter would be prejudicial to Don Realty defendants and Whitney Lane.  Therefore, based on these factors and those already discussed at length, the court concludes that equitable remand is also an appropriate avenue.

## C.   Motion to Change Venue

Because remand of this matter is permissible, equitable, and jurisdictionally required, the court declines to address the merits of OSJ's motion to change venue and denies the motion as moot.

## IV. Conclusion

In summary, after reviewing the remainder of the R&R for clear error, the court finds no error.  The court rejects the recommendation that a hearing be held on the applicability of the forum selection clause and adopts Judge Treece's R&R in all other respects.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Treece's October 27, 2009 Report-Recommendation and Order (Dkt. No. 16) is adopted in part and rejected in

part; and it is further

      **ORDERED** that this matter is **REMANDED** to the New York State

Supreme Court, Saratoga County; and it is further

      **ORDERED** that OSJ's motion to change venue (Dkt. No. 8) is

**DENIED** as moot; and it is further

      **ORDERED** that the Clerk provide copies of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED**.

March 26, 2010
Albany, New York

                                   United States District Court Judge